IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00139-CV

 

Texas A&M University,

                                                                      Appellant

 v.

 

Ryan Bading, Javier Garza, 

Aaron Horn, Joe Jackson, 

Andrew McDow, Michael Rusek, 

Ty Sorell, Scott-Macon, LTD., 

Texas Aggie Bonfire Committee, 

Trevor Jon Saari, H.B. Zachry 

Company, Zachry Construction 

Corporation, Harry Eugene 

Couch, Jr., et al.,

                                                                      Appellees

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001246-CV-361

 



INTERLOCUTORY ORDER

DISMISSING APPEAL AS TO SEVEN
APPELLEES










 

          We received a letter from counsel for
Appellees, Ryan Bading, Javier Garza, Aaron Horn, Andrew McDow, Michael Rusek,
Ty Sorrell, and Joe Jackson, indicating that the issues pertaining to these
Appellees on appeal are moot.  Ryan Bading, Javier Garza, Aaron Horn, Andrew
McDow, Michael Rusek, and Ty Sorrell have settled the claims against them in
the underlying suit.  Joe Jackson was non-suited by the plaintiffs in the
underlying suit and non-suited all of his claims against Texas A&M University in the underlying suit.

          The Clerk advised the parties in
writing that unless a party to the appeal showed grounds, within 21 days, for
continuing the appeal as between Texas A&M University and Bading, Garza,
Horn, McDow, Rusek, Sorrell, and Jackson, the appeal between those parties
would be dismissed for want of jurisdiction.

          Twenty-one days have passed, and we
have not received a response from any party.

          Accordingly, the appeal between Texas A&M University and Ryan Bading, Javier Garza, Aaron Horn, Andrew McDow, Michael
Rusek, Ty Sorrell, and Joe Jackson is dismissed.  Tex. R. App. P. 42.3 (a), (c).

 

                                                                   PER
CURIAM

                                                                   

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Order

Opinion
delivered and filed November 30, 2005

Do
not publish

[CV06]






e right to assert a complaint about the absence or violation of due process. 
Further, from that civil proceeding, Rosin could have appealed; or, if he had
not participated in the trial, he could have presented a direct attack on
appeal by a restricted appeal; or failing that, he could have challenged the
judgment by a bill-of-review.  He apparently did none of this to protect
himself from the enforcement of the judgment.  

            Now, the trial court has sent an
“order” to the TDCJ to pay the judgment out of Rosin’s inmate account.  The
“order” appears to be pursuant to section 501.014 of the Texas Government
Code.  Tex. Gov’t Code Ann. § 501.014(e) (Vernon 2004).  This
Court has held that such an “order” is void because it is rendered without the
due process protections afforded to the owner of the account.  In re Keeling,
227 S.W.3d 391 (Tex. App.—Waco 2007, orig. proceeding).  In none of the
proceedings in which the Court initially drew this conclusion did this Court
have the benefit of briefing by the parties, or amicus curiae briefs, of the
relevant issues.  In re Martinez, 238 S.W.3d 601, 603 (Tex. App.—Waco
2007, orig. proceeding) (Chief Justice Gray in concurring note to opinion noting
that this was the first proceeding in which the Court had been provided any
substantive briefing on the issue).  And once we were provided some briefing on
the issue in a subsequent proceeding, the Court declined to address the issues as
raised and briefed.  Id.

            The propriety of this Court’s holding
in Keeling is currently pending before the Court of Criminal Appeals in
a mandamus proceeding filed against this Court.  In Re Johnson, AP-75,
898 (Tex. Crim. App. writ filed April 8, 2008).  In that proceeding, for the first time, the issues briefed are being considered by an appellate
court.  In that proceeding, there are briefs from the inmate represented by
appointed counsel, the District Judge represented by the District Attorney of
McLennan County, and even an amicus curiae brief on the issue from the TDCJ. 
In reviewing that briefing on this issue, and having heard the oral arguments
made to the Court of Criminal Appeals in that proceeding, I am now convinced
that this Court, including myself in my dissenting and concurring opinions and
notes, missed the most fundamental of all of the issues:  the section of the Government
Code relied upon by the trial court to render these “orders” is based on the
fact that a judgment is already in place.  See Tex. Gov’t Code Ann.
§ 501.014(e) (Vernon 2004).  Unless the validity of that judgment is properly
attacked, we should not question its validity.  More fundamentally, this is
nothing more than the collection of a judgment.  The TDCJ is not in the
position to contest the inmate’s obligation owed under the judgment upon which
the “order” is based.  

            Assuming that the underlying judgment
is valid, we should move to the question of the validity of the actions taken
to collect the judgment.  Because we must assume the validity of the underlying
judgment, and because TDCJ is, at most, nothing more than the agent of the
inmate, TDCJ has no defense to assert for the non-payment of the inmate’s funds
to satisfy the judgment the inmate owes.  These are not garnishment proceedings
in the traditional sense and as I have previously argued.

            The very limited role of TDCJ to act
as the inmate’s agent to pay the inmate’s already established lawful debt after
the full protections of due process have been utilized is highlighted by the
fact that the statute does not even require an “order” by the trial court to
the TDCJ for the TDCJ to pay the judgment out of the inmate’s account.  Tex. Gov’t Code Ann. § 501.014(e) (Vernon 2004).  Because of the existence
and presumed validity of the judgment against the inmate, all the trial court
need do under the referenced section is to notify TDCJ of the judgment,
whereupon TDCJ is authorized to withdraw the full amount necessary to pay the
judgment.  Id.  It is my understanding that the percentage collection
procedure described in the “order” is solely due to the limitation on TDCJ’s
information system which is programmed for compliance only with a Chapter 14
collection procedure for having filed frivolous inmate litigation. See Tex. Civ. Prac. & Rem. Code Ann. §
14.006 (Vernon 2002).  But the inclusion of this staggered collection
methodology in the notice (“order”) does not make the notice (“order”) void as
previously held by this Court.

            The inmate had due process leading up
to the rendition of the judgment.  The trial court need only notify the agent
of the inmate, TDCJ as the holder of the inmate’s funds, which the agent is to
pay on the judgment from the funds in the inmate’s account.  Tex. Gov’t Code Ann. § 501.014(a), (e) (Vernon 2004).  This is not a trust
account, nor is it even an account held pursuant to a contract like a regular
bank account.

            Accordingly, I would deny the
petition.

From Whom to Request
Responses

            But, as I said previously, if I was
going to request a response, I would expand the list of persons or entities from
whom or which a response is sought.

            This proceeding is substantially
different than In re Keeling and its progeny.  The judgment which
underlies this proceeding resulted from a suit by one inmate against another
and is not about the collection of just court costs in a criminal proceeding from
an inmate.  One problem is that the inmate to which the money was transferred
may no longer have the money, so if it must be returned, it may have to be paid
out of the Texas Department of Criminal Justice’s budget.  That implicates
issues not previously addressed in this type proceeding.  If a response is to
be requested, at the very least, the TDCJ should also be asked to file a
response.[2]

            Additionally, this entire line of
proceedings arises out of a recent effort by the legislature to increase the
collection of court costs and fines.  Under this legislation, the Office of
Courts Administration (OCA) drafted the order being used all across the State. 
Thus, if I was going to try to write on the issues of the mandamus, I would
also ask the OCA to file a brief on the issues.

            Finally, as this issue may implicate
as many as 14,000 “orders” entered in this State against persons who have
little or no financial ability to hire an attorney to represent them, I would determine
whether suitable representation could be found, either pro bono or appointed,
to represent the interests of persons who may be impacted by what we do here.

            With these comments, I respectfully
dissent to the request for a response.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Dissent
to Request for a Response delivered and filed on July 23, 2008

Publish









[1]  When I initially suggested this approach, the
Court elected to hold this proceeding, in addition to another one, pending the
disposition of In Re Johnson, AP-75,898, by the Court of Criminal
Appeals.  Thus I was surprised to see the Court now moving it forward toward a
disposition.  





[2]  I note that the issue is also currently before
the Texas Supreme Court in Herrell v. State, No. 07-06-00469-CR & 07-06-00470-CR, ___ S.W.3d ___ (Tex. App.—Amarillo Aug. 13, 2007, pet. filed (07-0806)).  A copy of the TDCJ’s amicus brief filed in In re Johnson was
recently filed by the Attorney General on behalf of the TDCJ in Herrell.